IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL RAY ERWIN | § | |
| v. | § | CIVIL ACTION NO. 6:07cv266 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Michael Erwin, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Erwin was convicted in a jury trial of possession of a controlled substance, receiving a sentence of 60 years in prison. He took a direct appeal, but his conviction was affirmed by the Seventh Judicial District Court of Appeals; he then sought discretionary review, which was refused by the Texas Court of Criminal Appeals. Following this, Erwin sought state habeas corpus relief, which was denied without written order on the findings of the trial court.

In his federal habeas petition, Erwin contended that he received ineffective assistance of counsel, that he was denied due process, and that he is actually innocent of the crime. He states in his first ground for relief that when his attorney, Kelly Pace, advised him not to accept a two-year plea bargain offer because this was "the maximum allowable by law." He says that Pace told him that his punishment could not be enhanced because of the State's failure to disclose prior judgments in a timely manner, but the trial court allowed the late disclosure, which subjected Erwin to a

1

punishment range of 20 years to life. Erwin says that he would have accepted the two-year offer, despite being innocent of the crime, had he known that his sentence could be enhanced.

In his second ground for relief, Erwin said that the trial court ordered the State to notify the defense of its intent to enhance the punishment (a so-called "Brooks notice") some six months before trial, but that this notice was not given until after the guilt-innocence phase of trial had concluded. He also says that the notice of intent to enhance was not pleaded in the indictment as required by law. In his third ground, Erwin contends that he is actually innocent, pointing to an affidavit from his cousin, Marcus Campbell, acknowledging that an individual named Russ had asked Campbell to hide the drugs for him, and that Campbell had done so without Erwin's knowledge. The drugs were hidden at a car wash which Erwin owned and at which Campbell worked.

The Respondent was ordered to answer the petition and did so. After review of the pleadings, the Magistrate Judge issued a Report on December 19, 2007. In this Report, the Magistrate Judge observed that Erwin's contention that he faced a maximum sentence of two years was simply incorrect; he was indicted for possession of more than four but less than 200 grams of cocaine, which is a second-degree felony under the statute listed in the indictment. Thus, it carried a sentencing range of two to 20 years. In addition, the Magistrate Judge said, there is no evidence in the record that Erwin was ever offered a plea agreement for two years; Pace's affidavit in the state habeas proceeding said that the state offered to drop the enhancement charges in exchange for a plea, but does not set out the precise terms of any offered plea. Consequently, the Magistrate Judge determined that Erwin's assertion that he was offered such an agreement is "a bald assertion, unsupported and unsubstantiated by anything in the record," and thus lacking in probative evidentiary value. Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983). Pace's affidavit also notes that Erwin could not have accepted an offer for a "two-year maximum" because this was not available, and that he could not ethically have advised Erwin to accept a plea offer because Erwin

maintained his innocence, and so having him testify in a plea agreement that he was guilty would be tantamount to suborning perjury.

Pace did acknowledge that he told Erwin that he, Pace, did not believe that the enhancements (i.e. the pen packets showing Erwin's prior convictions) would be admissible because they had not been disclosed to him prior to the punishment phase of the trial. This belief turned out to be wrong, Pace says, because Judge Kent allowed the enhancements to be offered over his objections. Pace stated that Erwin relied on this advice in deciding to reject the plea agreement.

Nonetheless, the Magistrate Judge concluded that this fact did not show that Pace had rendered constitutionally ineffective assistance of counsel; the mere fact that the attorney believed that the pen packets were inadmissible and that this belief turned out to be wrong did not show such ineffectiveness. The Magistrate Judge determined that Pace's advice did not fall below an objective standard of reasonable competence, noting that in Moreland v. Scott, 175 F.3d 347, 350 (5th Cir. 1999), an attorney's advice, although not unreasonable, proved to be incorrect, and the Fifth Circuit rejected a claim of ineffective assistance based on this fact; the Magistrate Judge stated that the same situation exists in the present case.

In addition, the Magistrate Judge stated that Erwin failed to show that but for the alleged error, the result of the proceeding would probably have been different. Judge Kent, the trial judge, did not entertain plea bargains, and so if Erwin and the State had reached an agreement, this simply meant that Erwin would have been allowed to enter a plea of guilty and then hear the Court's decision on his sentence. If Judge Kent did not accept the agreement, Erwin would not be allowed to withdraw his plea of guilty, but would proceed to sentencing before a jury. Judge Kent stated on the record that she had not even decided if she would allow the State to withdraw the notice of intent to enhance the sentence, which is what Pace says that the State was offering in the plea agreement. The Magistrate Judge therefore concluded that Erwin had not shown ineffective assistance of counsel.

In his second claim, Erwin contended that he was denied due process because the notice of intent to enhance was supposed to be given some six months before trial, but was not given until after the conclusion of the guilt phase. He also complains that the enhancements were not pleaded in the indictment. In reviewing the record, the Magistrate Judge determined that the notice of intent to enhance was given to Erwin some four months before trial; it was the actual pen packets themselves which were not provided until after the guilt phase had concluded. Under Texas law, the notice could be given up to ten days before trial, so it was timely, and pen packets are admissible even if *no* copies are furnished to the defendant. Although the trial court ordered that the packets be turned over earlier and they were not, the Magistrate Judge stated that Erwin failed to show that this amounted to a constitutional violation.

The Magistrate Judge also said that the fact that the enhancements were not contained in the indictment did not amount to a constitutional violation, nor even a violation of Texas law. Almendarez-Torres v. U.S., 523 U.S. 224, 228 (1998); Brooks v. State, 957 S.W.2d 30, 34 (Tex.Crim.App. 1997). Hence, the Magistrate Judge determined that Erwin's due process claim was without merit.

Finally, Erwin asserted that he was actually innocent of the offense, pointing to the affidavit from Marcus Campbell. The Magistrate Judge observed that free-standing claims of actual innocence do not provide a basis for habeas corpus relief; rather, claims of actual innocence can serve as a gateway through which otherwise barred claims may be considered on the merits. *See* Dowthitt v. Johnson, 230 F.3d 733, 741-42 (5th Cir. 200); Herrera v. Collins, 113 S.Ct. 853, 869 (1993) (noting that the traditional remedy for claims of actual innocence is executive clemency).

Even were actual innocence a ground for habeas corpus relief, and the rule set out in House v. Bell, 126 S.Ct. 2064 (2000) applied, the Magistrate Judge stated that Erwin still failed to set out a valid claim. This case held that in order to establish innocence in the context of a gateway to a defaulted claim, the petitioner must show that in light of the new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Examples of

new, reliable evidence as including exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. Fairman v. Anderson, 188 F.3d 635, 645 (5th Cir. 1999).

In this case, the Magistrate Judge concluded that Erwin had failed to show that had Campbell testified as set forth in his affidavit, no reasonable finder of fact could have found Erwin guilty beyond a reasonable doubt. The Magistrate Judge observed that the Court of Appeals had listed a number of facts pointing to Erwin's guilt in the affirmance of his conviction. In addition, the Supreme Court made clear in House that the applicable standard is demanding and permits review only in extraordinary cases; in House, new evidence showed that bodily fluids on the victim's clothes came from her husband rather than the accused, and that bloodstains on the accused's clothes did not come from the victim, but from spillage during the process of transporting the clothes to the laboratory and testing them there. The Supreme Court also noted that statements from witnesses with no motive to lie carried more weight than incriminating testimony from inmates, suspects, friends, or relatives of the accused. The Court also reaffirmed that actual innocence was not a free-standing ground for habeas corpus relief but said that if such a ground did exist, House did not satisfy it, even though he did show enough to excuse his procedural default. The Magistrate Judge stated that even if actual innocence were a ground for habeas corpus relief, Erwin "plainly failed" to meet the standards which such a ground would require.

Erwin also complained that his attorney knew of Campbell's affidavit but failed to bring it up at trial. The Magistrate Judge concluded that this ground had been procedurally defaulted in that it had not been raised before the state courts, and that the ground was specious because the affidavit was dated December 29, 2006, well after Erwin's trial took place, and so Pace could not have known about it. The Magistrate Judge therefore recommended that Erwin's petition be denied and that Erwin be denied a certificate of appealability *sua sponte*.

Erwin filed objections to the Magistrate Judge's Report on January 15, 2008. In his objections, Erwin again says that trial counsel erroneously told him that the two year plea offer was

the maximum sentence by law, and that counsel told him that the offense had been indicted as a state jail felony; however, as the Magistrate Judge stated, this allegation is unsupported and unsubstantiated by anything in the record, and thus lacks probative value.

Erwin says that the Magistrate Judge applied the improper legal standard, pointing to the Fifth Circuit's decision in United States v. Arnold, 485 F.3d 290 (5th Cir. 2007). In that case, Erwin says, the Fifth Circuit held that the Government's statutory citation error in the pre-trial sentencing enhancement notice, which error caused the Government to announce that it was seeking a sentence of ten years to life rather than a mandatory life sentence, was prejudicial, since without notice that he would face a mandatory life sentence, the defendant did not have adequate information to decide whether to enter a plea or go to trial.

In Arnold, an error was made in the Government's Notice and Information of Prior Conviction. This notice, dated in August of 2004, originally cited 18 U.S.C. §841(b)(1)(B), which provides for a term of imprisonment of ten years to life, rather than §841(b)(1)(A), which provides for a sentence of life in prison without parole. In February of 2005, the Government filed an amended notice citing the correct statute, arguing that it was a clerical error, but Arnold contended that it was a legal error. The Fifth Circuit remanded the case for a determination of prejudice. U.S. v. Arnold, 467 F.3d 880, 888-89 (5th Cir. 2006). On remand, the district court concluded that Arnold had been prejudiced by the error because without notice that he would face a mandatory enhancement, he did not have enough information to decide whether to enter a plea or go to trial. Based on this finding by the trial court, the Fifth Circuit vacated Arnold's sentence and remanded the case for re-sentencing.

Erwin's case differs from Arnold in a number of ways, of which one is critical - in Arnold, the record clearly shows that the defendant was mis-apprised of the potential sentence which he faced. In the present case, there is nothing in the record to substantiate Erwin's bald assertion that he was told that the maximum penalty which he faced was two years. Unlike in Arnold, the statute cited in the indictment clearly states that the offense is a second-degree felony, carrying a sentencing

range from two to 20 years. Although Erwin claims that he was told that it was a state jail felony, this contention is also unsubstantiated and unsupported by the record. As such, as the Magistrate Judge said, the contention has no probative value, and Erwin's objection on this point is without merit.

Next, Erwin says that counsel admitted that he gave Erwin erroneous advice in that he, Pace, did not believe that the State could use the enhancements. He refers to Rompilla v. Beard, 125 S.Ct. 2456 (2005), in which he says that the Supreme Court held that the defendant was denied effective assistance of counsel when counsel failed to examine the court's file concerning a prior conviction which counsel knew that the prosecution would use at trial.

In Rompilla, the Supreme Court held that even if a capital defendant and his family suggest that no mitigating evidence is available, trial counsel still is bound to make a reasonable effort to obtain and review material which counsel knows that the prosecution will probably rely on for aggravation at the sentencing phase of the trial. Specifically, counsel failed to review Rompilla's prior conviction file, despite knowing that the State intended to seek the death penalty by proving that Rompilla had a significant history of felony convictions indicating the use of threat of violence, including a prior conviction for rape and assault, which the State intended to use by offering a transcript of the rape victim's testimony in the earlier trial. The Supreme Court observed that there was no doubt that defense counsel were on notice of the State's plans, and that the prior conviction file was a public document, available in the same courthouse where Rompilla was to be tried.

There are significant differences between Erwin's case and Rompilla. The issue in Erwin's case did not involve counsel's failure to examine evidence, but rather the fact that counsel believed that the pen packets would not be admissible because the State had failed to provide him with copies, as the trial court had ordered. As the Magistrate Judge said, this belief was not unreasonable even though it turned out to be wrong. The actions of Rompilla's counsel in failing to review aggravating evidence which she knew that the State was planning to use, by contrast, was plainly unreasonable. In addition, after Pace's objections to the pen packets were overruled, the trial

7

court recessed the trial overnight so that he could review them, and Erwin does not claim, nor does the record show, that Pace was unprepared at the sentencing proceeding, as Rompilla's attorney was. The Moreland decision, cited by the Magistrate Judge, is much more similar to Erwin's case because it involved an attorney advising his client to reject a plea agreement, based on a reasonable belief that the arrest was unlawful and the custodial statement would therefore be suppressed; this belief turned out to be wrong, but the Fifth Circuit said that counsel's advice was not unreasonable. That is the same situation that exists here. Pace gave Erwin advice regarding a plea bargain which was based on his belief that the pen packets would not be admissible. This advice was not unreasonable, but it turned out to be wrong. Nonetheless, Erwin has not shown that Pace's advice fell below an objective standard of reasonable competence, which is the test for determining ineffective assistance of counsel. His objection is without merit.

In his objections on the due process claim, Erwin again asserts, without substantiation, that he was not told that he was defending a second-degree felony until the punishment phase of the trial. He complains that the trial court's actions in allowing admission of the pen packets, and then giving counsel less than 24 hours, amounted to a denial of due process, again citing Arnold. His assertion lacks probative evidentiary value, as explained above, and so this objection lacks merit.

Finally, Erwin says that he is actually innocent of the alleged offense. He says that the prosecution knew that Campbell had admitted to hiding the drugs but failed to disclose this information, and coerced Campbell into refusing to testify at trial. The contention that the prosecution knew of Campbell's claims and coerced him into refusing to testify is raised for the first time in Erwin's objections to the Magistrate Judge's Report and is not properly before the district court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Even were it properly before the court, Erwin has offered nothing beyond his own unsubstantiated assertion that the prosecution knew of Campbell's actions; as noted above, Campbell did not execute

8

his affidavit until well after Erwin's trial had taken place. He refers to cases concerning perjured testimony but fails to point to any testimony which he says is perjured, and again argues that habeas corpus is an appropriate means to raise a claim of actual innocence, a contention which is contrary to Supreme Court and Fifth Circuit precedent. Erwin's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the response to the answer filed by the Petitioner, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Respondent's motion to dismiss is GRANTED and that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Michael Erwin is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 5th day of March, 2008.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**